IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BRG GENERAL JOSE PORTELA<br>Plaintiff<br>vs<br>COL (R) BENJAMIN GUZMAN in his individual capacity and in his official capacity as Acting Adjutant General of the Puerto Rico National Guard; COL (R) DAVID CARRION in his official capacity as Adjutant General of the Puerto Rico National Guard; Puerto Rico National Guard<br>Defendants | CIVIL 07-1406 CCC |

## OPINION AND ORDER

Remaining before the Court in this civil rights action pursuant to 42 U.S.C. §1983 are the issues of political discrimination in violation of the First Amendment, harassment, and retaliation for exercising freedom of expression under Law 115, 29 L.P.R.A. §194a, and tortious interference with his contract with the Puerto Rico National Guard (PRANG) Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. §5141 against Col. Benjamín Guzmán. The facts giving rise to this suit were set forth in our opinion and order of December 26, 2007 (docket entry 22), which dismissed other claims and parties, and, therefore, we do not repeat them here.

The action is now before us on defendant's Motion for Summary Judgment filed April 11, 2008 **(docket entry 28)**. Defendant raises the following as basis for the judgment in his favor: 1) that plaintiff has failed to establish a prima facie claim under §1983 since Guzmán did not know Portela's political affiliation or beliefs, 2) Guzmán was acting under orders to discharge plaintiff, 3) Portela occupied a trust position with the Puerto Rico National Guard and, therefore, could be removed at will.

We turn to the issues at hand. It is initially noted that defendant's motion and statement of uncontested material facts rest primarily on his own unsworn statement and

CIVIL 07-1406CCC                                      2

that of Nelson Espinel Ortiz, Security Advisor to the Governor from February 15, 2005 until February, 2007. Similarly, plaintiff's opposition and statement of contested facts relies heavily on his own unsworn statement and that of Antonio Vicéns, Assistant Adjutant General--Army (ATAG)--Army and Commander, 92nd Separate Infantry Brigade, and member of the Puerto Rico National Guard.

With regard to Guzmán's contention that he did not know Portela's political beliefs and that there was no harassment or retaliation, the evidence before us is the pair of unsworn statements on each side. Therefore, it comes down to a matter of credibility, which is an issue for the jury to decide.

In an apparent defense under Mt. Healthy City Sch. Dist. B. Of Educ. v, Doyle, 429 U.S.274 (1977), Guzmán argues that he was ordered to discharge Portela and, therefore, his removal would have occurred even in the face of their alleged political differences.[1] This path to dismissal is a dead end. None of the evidence he submitted actually demonstrates that he was ordered to do so. The language used in his arguments, is cagey, or merely hearsay from his statement. For example:

1) ". . . the removal of plaintiff . . . was consulted with the Governor's Chief of Staff, Aníbal José Torres, who endorsed it." (Pp. 8-9)

2) "The Governor of Puerto Rico was informed of the decision to remove the plaintiff from his trust position." (P. 9)

3) "Even though **the decision of removing trust personnel . . . is bestowed upon the authority of the Adjutant General** . . ., who was the defendant, Col. Benjamín Guzmán Torres, in this case, the defendant consulted with the Office of the Governor's Chief of Staff, who endorsed the removal." Id. (Our emphasis.)

---

[1] Half-hearted comments are made in unsworn statements submitted in support of Guzmán's motions that Portela did not follow the chain of command in contacting the Governor's office.

CIVIL 07-1406CCC                                3

     4) ". . . Guzmán was requested not to perform any personnel decision, except for the removal of the plaintiff...." Id.

     5) "The defendant, following the imparted instructions, removed the plaintiff from his trust position...." ¶11.

     Guzmán never says exactly who "ordered" Portela's dismissal. Although the only statement he makes with regard to the Governor is that he was "informed of the decision," it is interesting to note that, his "Special Order" SO A1-11, discharging plaintiff, dated November 7, 2006, begins, "By direction of the Governor...." Motion for Summary Judgment, Exhibit 7. His statement, to which he refers as evidence of these matters, states only that, "I was given the instructions to remove BRG Gen. José Portela . . . which I did pursuant to the instructions received." Ex. 2, ¶11. Once again, passive voice is used, thereby evading the identification of whomever may have given such an order.

     The Espinel Ortiz's unsworn statement, Exhibit 3, is equally vague:

     1) "The removal of . . . Portela . . . was consulted with the Governor's Chief of Staff... who endorsed the removal." ¶ 16.

     2) "The Governor of Puerto Rico was informed of the decision to remove [defendant]...." ¶17.

     3) The **decision of removing a trust personnel . . . is bestowed upon the authority of the Adjutant , who at that moment, Col. Benjamín Guzmán Torres**, (sic) but in this case the Guzmán consulted with the Office of the Governor's Chief of Staff who endorsed the removal." ¶18. (Emphasis ours.)

     4) "...Guzmán Torres was requested not to perform any personnel decision, except for the removal of BRG Gen. José Portela from his trust position...." ¶19.

     5) "[Defendant,]following the imparted instructions, removed . . . Portela from his trust position. ¶20.

CIVIL 07-1406CCC                               4

      Espinel Ortiz' statement, a knock-off of Guzmán's, likewise tiptoes around identifying the existence of an actual order to defendant to discharge Guzmán.  What the statements reflect is that Guzmán had complete authority with regard to appointing and removing the occupant of Portela's position, but apparently ran from place to place seeking agreement with his decision.

      Of interest on this subject is plaintiff 's Exhibit 3 of his opposition, a Memorandum on Review of legal sufficiency of SO A1-11, referred to above, that was written by Carlos E. Rodríguez-Quesada, Staff Judge Advocate of the Puerto Rico National Guard.  At ¶2, the memo states:

> The order is signed by Benjamín Guzmán, Colonel, USA Retired as The Adjutant General. The heading is from HQ PRNG.  Although the order states the action is "By direction of the Governor," no documentation is referenced that documents the delegation of authority.  Discussed below the removal from the position and involuntary transfer to USFR may well constitute ultra vires exercise of authority.

      Because they are intertwined, we discuss the issues regarding the fact that Portela's position is a "trust" position and the Guzmán's claim of qualified immunity on that basis together.  It is unconverted that Portela held a trust position that, by inference ordinarily gives the appointing officer the right of free selection and removal of its occupant.  See, Maymí v. Puerto Rico Ports Authority, 515 F.3d. 20, 29 (1st Cir. 2008).  The label of "trust employee" alone, however, does not automatically leave an employee vulnerable to patronage dismissal Monfort Rodríguez v. Rey Hernández, 504 F.3d 22, 225, n 1 (1st Cir. 2007).  There are exceptions to this general rule, however.  An employee occupying a trust position cannot be removed simply because of his political beliefs.  "Political positions" are terminable without cause when political affiliation is an appropriate requirement for the position."  See, e.g. Branti v. Finkel, 445 U.S. 507 (1980).  In determining whether a position is "political," we engage in a two-step inquiry:  (1) whether the government unit decides issues where there is room for political disagreement on goals or their implementation, and

CIVIL 07-1406CCC                          5

(2) whether the position's responsibilities resemble those of a policymaker, a privy to confidential information, a communicator, or some other office holder whose function is such that party affiliation is an equally appropriate requirement.  Ruiz-Casillas v. Camacho-Morales, 415 F.3d. 127, 132 (1st Cir. 2005).  Guzmán hammers on the label, "trust position," without providing any facts or analysis with regard to the position,–relative pay, technical competence, power to control others, authority to speak in the name of elected officials, responsiveness to partisan politics and political leaders, broad and open-ended duties, id.,–that would allow the Court to determine the necessity of political affiliation for the occupant of the position.  Therefore, the fact that the position in question is one of "trust" does not provide the resolution of the issue before us.

As to defendant's claim to qualified immunity simply on the premise that, as a trust position, that did not entail a property interest, it was clearly established more than a decade ago that, unless political affiliation is an appropriate requirement for the position involved, public employees could not be discharged for not supporting the political party in power. López-Quiñones v. Puerto Rico National Guard, 526 F.3d. 23, 29 (1st Cir. 2008) (Torruella, concurring in part, dissenting in part); Olmeda v. Ortiz Quiñonez, 434 F.3d. 62, 66 (1st Cir. 2006) (actual functions of the job, not titles, control, and official description of job function is a presumptively reliable basis for determining those functions); Duriex-Gauthier v. López Nieves, 274 F.3d. 4 (1st Cir. 2001).  Therefore, Guzmán's claim of qualified immunity is disingenuous.

For the above-stated reasons, the Court finds that there are issues of material fact that preclude the entry of summary judgment.  Likewise, defendant has not demonstrated

CIVIL 07-1406CCC                                6

that he is entitled to qualified immunity.  Therefore, defendant's Motion for Summary Judgment **(docket entry 28)** is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on August 25, 2008.

S/CARMEN CONSUELO CEREZO
United States District Judge
